Matter of Springer v Farrell (2019 NY Slip Op 03425)





Matter of Springer v Farrell


2019 NY Slip Op 03425


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526751

[*1]In the Matter of MARY SPRINGER, Petitioner,
v
MATTHEW FARRELL, Appellant.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Lisa K. Miller, McGraw, for appellant.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered April 13, 2018, which, in a proceeding pursuant to Family Ct Act article 4, directed respondent to serve a suspended sentence of incarceration.
In December 2017, Family Court issued an order confirming a Support Magistrate's determination finding that respondent had willfully violated a prior order of child support and imposed a 90-day suspended jail sentence on the condition that he pay $5,000 by the next court appearance. No appeal was taken from this order. At the following court appearance in April 2018, respondent acknowledged that he had failed to make any payments toward the $5,000 he was previously ordered to pay, and Family Court thereafter revoked his suspended jail sentence and committed him to jail for 90 days, subject to purge upon payment of $5,000. Respondent now appeals.[FN1]
Although respondent appeals from the April 2018 order of commitment, he has since served the 90-day jail sentence imposed therein and, therefore, the instant appeal has been rendered moot (see Matter of Holt v Greiner, 167 AD3d 1271, 1271-1272 [2018]; Matter of St. Lawrence County Support Collection Unit v Chad T., 124 AD3d 1032, 1032 [2015]). Moreover, to the extent that respondent contends that Family Court erred by failing to conduct the requisite evidentiary hearing, we note that no motion to stay the execution of the order of commitment was made pending the outcome of this appeal (compare Matter of Madison County Support Collection Unit v Campbell, 162 AD3d 1146, 1147 n [2018]; Matter of Bonneau v Bonneau, 97 AD3d 917, 917 n 1 [2012], lv denied 19 NY3d 815 [2012]). Accordingly, the appeal is dismissed.
Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: Petitioner did not file a brief on appeal.